IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

MARY ANN DAVIS )
)
v. ) No. 2:06-0023
) Judge Nixon/Bryant
SOCIAL SECURITY ADMINISTRATION )

To: The Honorable John T. Nixon, Senior Judge

## REPORT AND RECOMMENDATION

### I. Introduction

Currently pending in this Social Security case are plaintiff's motion for judgment on the administrative record (Docket Entry No. 10), along with the undersigned's Report and Recommendation on that motion (Docket Entry No. 18) and plaintiff's subsequent objection thereto (Docket Entry No. 19); these matters await rulings by the District Judge.

On March 31, 2008, two weeks after filing her objection to the undersigned's recommendation on her motion for judgment, plaintiff filed a motion for pre-judgment remand to the agency (Docket Entry No. 20).[1] Plaintiff subsequently amended this filing to include as an exhibit the new evidence upon which her motion to remand is based (Docket Entry No. 22). Defendant thereafter filed its response to plaintiff's amended motion to

---

[1] Having already recommended disposition on the merits, the undersigned did not track subsequent filings in this matter, and only recently became aware that plaintiff had changed her position and moved to remand for consideration of new evidence.

1

remand (Docket Entry No. 25).  The amended motion to remand is the subject of this Report and Recommendation.  For the reasons given below, the undersigned Magistrate Judge recommends that the motion be DENIED.

## II. Discussion

Plaintiff's amended motion for remand invokes the sixth sentence of 42 U.S.C. § 405(g), pursuant to which the court may order a return to the agency for its adjudicators to consider evidence that was not previously before them, "but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. § 405(g).  The additional evidence proffered here is a psychological evaluation conducted on March 19, 2008, upon referral by plaintiff's counsel as she sought to develop the record in support of a "new claim for disability."  (Docket Entry No. 22 at 1 & Exh. 1)[2]  This evidence was procured two weeks after the undersigned had recommended entry of judgment on the merits of the case for defendant, and over two years after the final agency decision on her disability application had been rendered and the complaint in this court had been filed; its newness is undisputed. (Docket Entry No. 25 at 3)  Indeed, even the subject of this most recent information is new, as plaintiff did not previously claim any limitation related to her intellectual functioning.

Material evidence is evidence that would likely change the ALJ's decision.

---

[2]Reflected in this psychological evaluation is a report of plaintiff's scores on administration of the Wechsler Adult Intelligence Scale, demonstrating a Verbal IQ of 63, Performance IQ of 67, and Full Scale IQ of 62, placing her in the mild mental retardation range of intellectual functioning.  Also reflected in the new report are plaintiff's history of special education placement, and references to records indicating her inability to progress beyond the ninth grade.

Bass v. McMahon, 499 F.3d 506, 513 (6th Cir. 2007). Materiality is argued based upon the alleged sufficiency of the report, in combination with plaintiff's established physical impairments, to establish disability during the relevant time period under § 12.05C (the "Mild Mental Retardation" Listing) of the Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P, App. 1. Though defendant presents compelling arguments in support of a finding of nonmateriality, this report assumes *arguendo* that the new evidence is material as well.

It is the third requirement for sentence six remand, that of good cause excusing the failure to earlier procure the evidence, which the undersigned finds to be decidedly lacking in this case. To begin with, the Sixth Circuit takes a "harder line" on the good cause test, requiring a "valid reason" for not submitting evidence prior to the ALJ hearing. E.g., Oliver v. Sec'y of Health & Human Servs., 804 F.2d 964, 966 (6th Cir. 1986). In this case, plaintiff's only attempt at a good cause showing is her observation that "[t]he psychological [evaluation] previously performed[3] indicated that the Plaintiff had average or below average intelligence and no I.Q. testing was ordered by either the Administration or the Plaintiff." (Docket Entry No. 22 at 2) With all due respect, this explanation that the prior evaluation so overstated plaintiff's level of functioning as to justifiably lull both parties into inaction is simply not compelling as a showing of good cause. For its part, defendant had already endeavored to procure one evaluation, which resulted in the opinion that plaintiff's level of intellectual functioning was low, but satisfactory in terms of her ability to perform work. It was plaintiff's burden, and hers alone, to pursue the issue further at the

---

[3]On January 2, 2003, during state agency development of plaintiff's disability claim, a consultative examination was conducted by psychological examiner Stephen Hardison, at government expense. (Docket Entry No. 6 at 396-99)

3

agency level. While plaintiff argues that she was not "at fault" in failing to pursue the issue contemporaneously, the issue here is not the absence of fault, but the presence of good cause.

In support of her disclaimer of fault in not earlier securing an IQ test, plaintiff cites the opinion of Judge Lawson out of the Eastern District of Michigan, in Snider v. Comm'r of Soc. Sec., 328 F.Supp.2d 703 (E.D. Mich. 2004). In that case, District Judge Lawson adopted without discussion the Magistrate Judge's finding of good cause for the plaintiff's failure to earlier adduce a report of neuropsychological testing. Judge Lawson then proceeded to devote all but one line of his discussion to explaining his rejection of the Magistrate Judge's findings that the report in question was neither new nor material. The one line in that discussion which plaintiff here appears to have seized on is its concluding sentence: "[T]he plaintiff ought to have the benefit of consideration at the agency level of all the evidence, and it is certainly not his fault that the neuropsychological testing was not ordered earlier." Id. at 710. However, this authority is simply not persuasive in the context of the case at bar, particularly when compared with Judge Lawson's prior opinion in Cooper v. Comm'r of Soc. Sec., 277 F.Supp.2d 748 (E.D. Mich. 2003), a case quite similar to the instant case in its presentation.

In Cooper, as here, the plaintiff sought remand for purposes of the agency's consideration of an intelligence test suggesting the presence of mild mental retardation, "to support a new argument never presented to the ALJ that the plaintiff met Listing 12.05C, and therefore was disabled." Id. at 751. While the Magistrate Judge in Cooper focused his recommendation on the materiality of the new evidence, Judge Lawson found good cause more sorely lacking, as evidenced by his summarily agreeing that the materiality standard had not been met, but only after he had discussed the good cause requirement at some

4

length, as follows:

> The intelligence evaluation prepared by Dr. George Pestrue, a licensed psychologist, was completed several months after the ALJ rendered his decision. The report itself does not contain new evidence relating to any impairment previously presented to the Commissioner, but rather constitutes an entirely new theory of disability. There is no explanation in the record justifying the failure to present this theory to the Commissioner at an earlier time. In fact, it appears from the plaintiff's brief in support of motion to remand that the theory emerged after the plaintiff changed attorneys following the ALJ's unfavorable determination, and came to mind because the new attorney observed that the plaintiff "was in special education all his life and never completed high school."
>
> The Court does not believe that good cause has been demonstrated for presenting this new theory of disability at such a late date. The plaintiff was represented by attorneys throughout the proceedings, and the evidence that the plaintiff claims supports this theory of disability has been available throughout the entire period. There is no evidence that the plaintiff's low intelligence quotient or alleged borderline intellectual functioning ever interfered with his ability to engage in substantial gainful activity, but nonetheless the plaintiff's history of special education and failure to complete high school were well known to both the plaintiff and certainly readily available to his prior advocates.

Id. at 755 (internal citation omitted).

With only trivial changes, the foregoing discussion could have been written for the case at bar, which presents even less fertile grounds for good cause, in that the psychological evaluation was completed years, not months after the ALJ issued his decision, and the plaintiff was represented by the same attorney before the agency as she is here. The fact that counsel thought to refer plaintiff for IQ testing in support of her most recent filing for benefits, but not in support of the filing at issue here, would appear from her papers to be a matter of happenstance. In light of Cooper and this Circuit's "harder line" on the good cause requirement, Oliver, supra, the undersigned must conclude that good cause is lacking

5

here, as the fact that a previous evaluator had assessed low average to average intelligence and declined to perform IQ testing is simply not a valid reason for failing to obtain such testing prior to plaintiff's hearing before the ALJ. Therefore, plaintiff's amended motion to remand pursuant to the sixth sentence of 42 U.S.C. § 405(g) should be denied.

### III. Recommendation

In light of the foregoing, the Magistrate Judge recommends that plaintiff's amended motion to remand be DENIED.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

ENTERED this 4th day of March, 2009.

      s/ John S. Bryant
      JOHN S. BRYANT
      UNITED STATES MAGISTRATE JUDGE