IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| MARY ANN DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:06-0023 ) Judge Nixon ) Magistrate Judge Bryant |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Pending before the Court is Plaintiff Mary Ann Davis's Motion for Judgment on the Administrative Record ("Plaintiff's Motion") (Doc. No. 10). Defendant has filed a Response in Opposition, arguing that the decision of the Administrative Law Judge ("ALJ") was supported by substantial evidence and should be affirmed (Doc. No. 17). Magistrate Judge Bryant has issued a Report and Recommendation ("Report") that Plaintiff's Motion be denied and that the decision of the ALJ be affirmed (Doc. No. 18). Plaintiff filed timely objections (Doc. No. 19). Upon review of the Magistrate Judge's Report and the reasons discussed herein, the Court **ADOPTS** the Report in its entirety and **DENIES** Plaintiff's Motion.

Also before the Court is Plaintiff Mary Ann Davis's Amended Motion to Remand to the Social Security Administration ("Plaintiff's Second Motion") (Doc. No. 22), to which the Defendant filed a Response in Opposition (Doc. No. 25). Magistrate Judge Bryant issued a Report and Recommendation ("Second Report") on March 5, 2009 (Doc. No. 27). Plaintiff did not file any objections. Upon review of the Second Report, **ADOPTS** it in its entirety and

-1-

**DENIES** Plaintiff's Second Motion.

I. BACKGROUND

*A. Procedural Background*

Mary Ann Davis ("Plaintiff") first filed an application for disability insurance benefits with the Social Security Administration ("SSA") on November 15, 2002. (Tr. 151). Plaintiff alleged disability due to thyroid cancer, diabetes, arthritis, knots in her lymph nodes, muscle pain, heat disease, blood clots, and depression. (Tr. 156). The SSA denied Plaintiff's initial claim on January 22, 2003 (Tr. 130) and upon reconsideration on April 25, 2003 (Tr. 133). Plaintiff filed a request for a hearing on June 23, 2003. (Tr. 129).

An Administrative Law Judge ("ALJ") heard the case on April 7, 2004. (Tr. 551). After hearing testimony from Plaintiff, Plaintiff's husband, and a Vocational Expert, the ALJ found Plaintiff not disabled in a decision dated October 8, 2004. (Tr. 109-121). Plaintiff filed a request for review of the hearing decision on October 27, 2004. (Tr. 107). On January 31, 2006, the Appeals Council entered an order denying the request for review. (Tr. 101). On March 9, 2006, Plaintiff submitted a letter to the Appeals Council asking the Appeals Council to reopen her claim for the purpose of considering new evidence. (Tr. 10). On April 9, 2006, the Appeals Council issued a notice that Plaintiff's request to reopen her claim had been denied on the basis that the new evidence did not relate back to the relevant period, thereby rendering the ALJ's decision final. (Tr. 8-9).

On March 17, 2006, Plaintiff filed this action to obtain judicial review of the ALJ's final decision. (Doc. No. 1). The Court has jurisdiction under 42 U.S.C. § 405(g). On March 5,

2008, Magistrate Judge Bryant recommended the ALJ's decision be affirmed and the Plaintiff's Motion be denied. (Doc. No. 18). Plaintiff asserts two (2) objections to the Magistrate Judge's findings. (Doc. No. 19). Specifically, Plaintiff contends that (1) the ALJ improperly found that Plaintiff's subjective complaints, including shortness of breath and fatigue, were not disabling and (2) the ALJ erred in finding that Plaintiff's asthma-related symptoms and treatment were not relevant to her condition prior to September 2003.[1] (Id.). The Court discusses the merits of Plaintiff's objections in turn.

*B. Factual Background*

The Court adopts the background section of the Magistrate's Report. (Doc. No. 18, at 4-16).

## II. STANDARD OF REVIEW

The Court's review of the portions of the Magistrate's Report to which Plaintiff objects is de novo. 28 U.S.C. § 636(b) (2008). This review, though, is limited to a determination of whether substantial evidence exists in the record to support the Commissioner of Social Security's decision and whether the Commissioner committed any legal errors in the process of reaching that decision. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). Additionally, this Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1369 (6th Cir. 1991). Title II of the Social Security Act provides that "[t]he

---

[1] Plaintiff objected to the *Magistrate's* finding that Plaintiff's asthma-related symptoms and treatment were not relevant to her condition prior to September 2003 (Doc. No. 19). This was an error. The *ALJ* made the initial finding and the Court reviews the *ALJ's* findings.

-3-

findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence shall be conclusive." 42 U.S.C. § 405(g) (2008). Accordingly, if the Commissioner adopts the ALJ's decision, the reviewing court will uphold the decision if it is supported by substantial evidence. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

For purposes of this review, "substantial evidence" is defined as "such evidence as a reasonable mind would accept as adequate to support the conclusion." Richardson v. Pereles, 402 U.S. 389, 401 (1979). "Substantial evidence" is further quantified as "more than a scintilla of evidence, but less than a preponderance." Bell v. Comm'r of Soc. Sec., 105 F.3d 244, 245 (6th Cir. 1996) (citing Consol. Edison Co. V. N.L.R.B., 305 U.S. 197, 229 (1938)). This Court may not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. Garner, 745 F.2d at 387. Even if the evidence would support a different conclusion or the reviewing court could resolve factual issues differently, the decision of the ALJ must stand if substantial evidence supports the conclusion reached. Her v. Comm'r, 203 F.3d 388, 389 (6th Cir. 1999) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)); Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1173 (6th Cir. 1990).

### III. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

   A.  *Plaintiff objects to the ALJ's finding that Plaintiff's subjective complaints, including shortness of breath and fatigue, were not disabling.*[2]

---

[2] The Court's reasoning in this section also addresses, in part, Plaintiff's argument that the ALJ incorrectly determined that Plaintiff could return to her past relevant work, which Plaintiff raised in her Brief in Support of her Motion for Judgment on the Administrative Record. (Doc. No. 11 at 11).

-4-

Plaintiff argues that the ALJ erred by finding Plaintiff's subjective complaints, including those of shortness of breath and fatigue, not disabling pursuant to 42 U.S.C. § 423(d)(1)(A). (Doc. No. 19, at 1). As explained below, the Court finds that substantial evidence supports the ALJ's decision to reject Plaintiff's subjective complaints.

When considering a claimant's allegations of pain, subjective complaints of pain do not alone establish disability. 20 C.F.R. § 404.1529. Rather, the record must include medical signs and laboratory findings that show medical impairments, which the fact finder could reasonably expect to produce pain or other symptoms. Id. Even if a plaintiff alleges fully disabling and debilitating symptomology, the ALJ may discredit a claimant's allegations if the ALJ's personal observations and the objective medical evidence contradict the claimant's subjective allegations. Moon v. Sullivant, 923 F.2d 1175, 1182-83 (6th Cir. 1990). It is for the Commissioner and the ALJ, as fact finders, to make determinations of the credibility of witnesses and to weigh and evaluate their testimony. Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 536 (6th Cir. 2000) (citing Myers v. Richardson, 471 F.2d 1265, 1267 (6th Cir. 1972)) (affirming the ALJ's rejection of the plaintiff's subjective allegations of fatigue and shortness of breath after consideration of contradicting evidence in the medical record). In the instant case, the ALJ weighed the evidence correctly when he considered all of the Plaintiff's symptoms, including subjective complaints of pain "with the objective medical evidence" (Tr. 118) to determine whether the Plaintiff retained the residual functional capacity to perform the requirements of past relevant work or other work existing in significant numbers in the national economy.

The ALJ made note of Plaintiff's subjective complaints, which included fatigue and shortness of breath. (Tr. 114). The ALJ then analyzed the objective medical evidence with

-5-

regard to Plaintiff's limitations. (Tr. 118). After examining Plaintiff's medical record and examiners' statements, the ALJ determined that Plaintiff's "ability to perform such a variety of daily activities tends to contradict her subjective complaints, especially the degree of pain she maintains she experiences." (Id.). This inconsistency caused the ALJ to discredit Plaintiff's allegations. (Tr. 119). Although the ALJ recognized that Plaintiff suffers some degree of limitations and cannot perform strenuous work activity (Tr. 118), he determined that despite her impairments, Plaintiff retains the residual functional capacity sufficient to perform her past relevant work (Tr. 119).

In addition, the ALJ adequately considered Plaintiff's subjective allegations made during the hearing. The ALJ noted that Plaintiff alleged that she is often fatigued, having to lay down for 15 or 20 minutes two or three times a day. (Tr. 567). She testified that she gets more tired throughout the day and lacks energy to do normal activities. (Tr. 568). She stated that she sometimes has "spells" that require her to stop what she's doing and rest. (Id.). Three or four times a day, Plaintiff testified that she has shaking and cramping in her legs due to restless leg syndrome that requires her to take medicine and walk around for relief. (Tr. 568-69). She stated she could only sit for a period of 30-minutes experiencing greater pain in her hips. (Tr. 571). Plaintiff also testified that walking for 10 or 15 minutes causes shortness of breath. (Tr. 572-73). She also reported to suffering from asthma and cannot be around cleaning supplies or pollen. (Tr. 572). According to Plaintiff's testimony, both cold weather and stress also cause Plaintiff shortness of breath. (Tr. 573). Plaintiff stated she can only climb three or four stairs before getting out of breath. (Tr. 574). She stated that she tries to do laundry and cook two or three meals a week, but often cannot complete either task and requires help finishing. (Tr. 575-76).

-6-

Plaintiff testified that she drives short distances about two times a week, but when she goes to the grocery store she can only remain inside for 15 minutes. (Tr. 576-77). Plaintiff testified that she tries to go to church, but has difficulty sitting for the entire service. (Tr. 577).

However, the ALJ's recount of Plaintiff's daily activities that she reported to her physicians indicates more activity than Plaintiff testified to in the hearing. Therefore, the ALJ's finding that Plaintiff is not disabled is consistent with Plaintiff's statements in the record as well as the treating and consulting physicians' determinations. The ALJ noted that Plaintiff cooks, shops, does the laundry, drives her vehicle, attends church and visits with family and friends based on her examiners' reports. (Tr. 118). Again replying on Plaintiff's examiners' reports, the ALJ stated that Plaintiff is able to clean her house, including dusting and vacuuming, and spends a lot of time reading and watching television. (Id.) In Plaintiff's October 2002 visit with Dr. Tanedo, the treating physician noted that Plaintiff had no difficulties with daily living or work activities. (Tr. 366). In Plaintiff's December 20, 2002 consultative examination with Dr. Keown, Dr. Keown determined that Plaintiff could sit or stand for six hours in an eight hour day and had full range in her limbs. (Tr. 393-95). Dr. Keown also noted that in spite of Plaintiff's complaints of shortness of breath, he could not find any shortness of breath during the examination and found that Plaintiff's lung fields were clear. (Tr. 393). During Plaintiff's January 2, 2003 visit with consultative psychologist Mr. Hardison, Plaintiff stated that two or three times a week she washed clothes, washed dishes, cooked, swept, mopped, and vacuumed the floor, although she had to do these chores slowly. (Tr. 397). She told Mr. Hardison that she drove a car, visited with her parents, attended church on Sundays, and went to the grocery store twice a month. (Id.). She also stated that she watched television, read, and owned dogs, rabbits,

-7-

and chickens. (Tr. 397-98). Lastly, Plaintiff reported a willingness to continue work as a substitute cafeteria worker if invited to return to work. (Tr. 397). Similar to Dr. Keown's findings, consultative physician Dr. Bounds found in a January 9, 2003 assessment that Plaintiff could stand or walk for six hours in an eight hour day. (Tr. 402). Dr. Bounds found Plaintiff's condition non-severe based on the objective physical evidence. (Tr. 403). As a result, he found her allegations of pain not credible given the physical findings. (Tr. 406).

The ALJ properly weighed Plaintiff's testimony of her abilities with the medical record. In finding that Plaintiff's ability to perform daily activities contradicts her subjective complaints, it is evident that the ALJ found the record more persuasive. As stated above, it is the role of the ALJ to make credibility determinations when discrepancies in the record exist. See Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 476 (6th Cir. 2003); Moon, 923 F.2d at 1183. Moreover, the ALJ is not required to accept the plaintiff's subjective allegations as true. Id. at 476. It is also clear that the ALJ did not base his determination upon any one fact in the record, but rather found Plaintiff's statements to examiners, those examiners' determinations, and Plaintiff's stated willingness to continue working – together as a whole – persuasive. Thus, there is substantial evidence in the record to support the ALJ's conclusion that Plaintiff's subjective complaints were not credible.

> B. *Plaintiff objects to the ALJ's finding that Plaintiff's asthma-related symptoms and treatment were not relevant to her condition prior to September 2003.*

Plaintiff objects to the ALJ's lack of consideration of her "asthma and associated conditions," arguing that Dr. Henson, a pulmonologist, treated Plaintiff prior to the end of her

Case 2:06-cv-00023 Document 28 Filed 06/12/09 Page 8 of 11 PageID #: 119

insurance expiration. (Doc. No. 19, at 5). While it is true that Dr. Henson treated Plaintiff starting in early September 2003 (Tr. 469-71), the issue is whether she had asthma-related issues prior to September 30, 2003, not whether she was seeing the doctor (who later diagnosed her with asthma) prior to that date. For the reasons below, this Court finds there is substantial evidence in the record to support the ALJ's analysis of Plaintiff's asthma and related conditions.

Plaintiff was insured for disability benefits through September 30, 2003 and in order to establish her entitlement to Title II disability benefits, she is required to establish disability on or prior to that date. (Tr. 112-13). Dr. Henson prescribed Plaintiff medication on December 29, 2003 to manage symptoms of asthma. (Tr. 468). When Dr. Henson examined Plaintiff in September 2003, she complained of "a sudden onset of shortness of breath" and a new "increasing peripheral edema." (Tr. 469). At that time, pulmonary function testing revealed only mild restrictive airway disease with mild air trapping. (Tr. 476). Dr. Henson did not diagnose the Plaintiff with asthma at that time. (Id.)

The fact that Plaintiff's diagnosis of asthma occurred after September 30, 2003, the date Plaintiff was last insured, does not forbid the fact finders consideration of that diagnosis. The Sixth Circuit has held that a fact finder can rely on medical evidence of a subsequent condition of health, reasonably proximate to a preceding time, to establish the existence of the same condition at the preceding time. Begley v. Mathews, 544 F.2d 1345, 1354 (6th Cir. 1976). The fact finder must consider medical evidence of a claimant's condition after the date last insured to the extent that it is relevant to the claimant's condition prior to the date last insured. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). Although the ALJ neglected to consider Plaintiff's diagnosis of asthma because it came after September 30, 2003, the ALJ considered the record before that date

and determined that "the evidence does not establish any severe asthma attacks of twelve months duration or the existence as a 'severe' impairment prior to the date last insured." (Tr. 117). Thus, the ALJ considered whether asthma affected Plaintiff during the relevant period. Dr. Henson examined Plaintiff in early September 2003, very near the end of her insured period, and did not diagnose her with asthma at that time (Tr. 469-71), thus giving further evidence that the condition did not exist during Plaintiff's insured period. As a result, there is substantial evidence in the record for the ALJ to have concluded that Plaintiff did not suffer from a severe impairment due to asthma prior to September 20, 2003.

Plaintiff also objects to the ALJ's lack of consideration of her "asthma-related symptoms" or "other associated conditions." (Doc. No. 19, at 5). Although Plaintiff's objection does not specify which "asthma-related symptoms" the ALJ allegedly failed to consider (id.), in her September 2003 visit with Dr. Henson, Plaintiff complained of "shortness of breath." (Tr. 469). Regardless, the ALJ's October 8, 2004 decision discussed Plaintiff's alleged shortness of breath at several points throughout the decision. (Tr. 112-21). As mentioned above, the ALJ noted that Plaintiff testified that her shortness of breath allowed her to take only brief shopping trips. (Tr. 114). The ALJ also noted that Plaintiff first complained of shortness of breath in her December 2002 visit to Dr. Keown. (Tr. 115). At that time, Dr. Keown found that Plaintiff had "no increased AP diameter, shortness of air or use of accessory muscles to respire." (Id.). The ALJ also noted in his decision that Dr. Keown found that Plaintiff's complaints of shortness of breath without exertion "were nonexistent at rest while talking, walking or lying supine." (Id.). As noted above in the previous objection, it is clear from the ALJ's decision that he considered Plaintiff's alleged shortness of breath and the corresponding medical record. (Tr. 112-21). Thus,

-10-

there is substantial evidence in the record that supports the ALJ's finding that Plaintiff's asthma-related symptoms did not severely impair her ability to perform her past relevant work.

## IV. CONCLUSION

The Court does not find merit in Plaintiff's objections because there is substantial evidence in the record to support the ALJ's decision that Plaintiff is not disabled under 42 U.S.C. § 423(d)(1)(A). Therefore, Plaintiff's Motion is **DENIED** and the Court **ADOPTS** the Magistrate Judge's Report in its entirety. In addition, the Court **ADOPTS** the Magistrate Judge's Second Report in its entirety and **DENIES** Plaintiff's Second Motion.

This Order terminates this Court's jurisdiction over this action and the case is **DISMISSED**.

It is so ORDERED.

Entered this the ___12th___ day of June, 2009.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT